# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UHS-CORONA, INC. dba CORONA REGIONAL MEDICAL CENTER, UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC. dba INLAND VALLEY MEDICAL CENTER, UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC. dba RANCHO SPRINGS MEDICAL CENTER, LANCASTER HOSPITAL CORPORATION dba PALMDALE REGIONAL MEDICAL CENTER, and TEMECULA VALLEY HOSPITAL, INC., dba TEMECULA VALLEY HOSPITAL, | Case No. 5:15−cv−01379−JGB(SPx)<br>*Hon. Jesus G. Bernal*<br><br>**[DISCOVERY MATTER]**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[NOTE CHANGE MADE BY THE COURT IN SECTION 13.6]** |

Plaintiffs,

v.

AETNA HEALTH OF CALIFORNIA, INC., a California Corporation; AETNA HEALTH MANAGEMENT LLC, a Delaware LLC; AETNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation; and DOES 1 through 100,

Defendants.

## 1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiffs UHS-Corona Inc. d/b/a Corona Regional Medical Center; Universal Health Services of Rancho Springs, Inc., d/b/a Inland Valley Medical Center; Universal Health Services of Rancho Springs, Inc., d/b/a Rancho Springs Medical Center; Lancaster Hospital Corporation, d/b/a Palmdale Regional Medical Center; and Temecula Valley Hospital, Inc., d/b/a Temecula Valley Hospital; and Defendants Aetna Health of California Inc.; Aetna Health Management LLC; and

Aetna Health and Life Insurance Company stipulated to and petitioned the Court to enter the following Stipulated Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and  the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. As set forth in Section 13.3, below, this Stipulated Protective Order does not entitle the parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     GOOD CAUSE STATEMENT**

Certain documents and electronically stored information related to this Action may contain confidential information including trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), medical information, physician-patient privileged information, non-party individuals' medical information deemed private under state and/or federal law, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation

3049201.1

for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. Information will not be designated as confidential for tactical reasons and nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.    <u>DEFINITIONS</u>**

3.1    <u>Action</u>: This pending federal lawsuit.

3.2    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation or lack of designation of information or items under this Order.

3.3    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

3.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to

serve as an expert witness or as a consultant in this Action.

3.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11   Party: any party to this Action, including all of its present officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

3.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14   Protected Health Information ("PHI"): information defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the regulations promulgated thereunder.

3.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

3.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3049201.1

**4.** **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

**5.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.** **DESIGNATING PROTECTED MATERIAL**

6.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

3049201.1

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2   Manner and Timing of Designations. Any document or electronically stored information produced in discovery may be designated as Protected Material by marking it as "CONFIDENTIAL" or by otherwise identifying the information as Confidential at the time of production. Such designation shall be made at the time that copies are furnished to a party conducting discovery, or when such documents are otherwise disclosed. For depositions:

a.   Information disclosed at a deposition may be designated by the Parties as Protected Material by indicating on the record at the deposition that a specific portion of testimony is so designated and subject to the terms of this Order. The portions of deposition testimony designated as containing Protected Material shall be stamped by the court reporter "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and access thereto shall be limited as provided herein.

b.   Any party may designate information disclosed at a deposition as Protected Material by notifying all parties, either on the record at the deposition or in writing within 30 days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Protected Material thereafter.

c.   Protected Material shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, as Protected Material.

d.      The party disclosing Protected Material will have the right to exclude from attendance at the deposition, during such time as the Protected Material is to be disclosed, any person other than the deponent, Counsel, Experts, and the individuals listed in Section 8.2(a)-(e), present at the deposition and person(s) agreed upon by the Parties.

e.      The originals of the portions of any deposition transcripts designated as Protected Material and all copies of such deposition portions must be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," as appropriate.

f.      Any party submitting the original or any copy of Protected Material, identified as being subject to this Order, to the Court must comply with Civil Local Rule 79-5.

6.3     Protected Health Information.  Additionally, certain Protected Material may be PHI.  Subject to the rules of procedure governing this action and without prejudice to any objection made by any party except as otherwise provided herein, the Parties are authorized to disclose to each other PHI related to the submission, processing, or payment of the medical claims at issue in this Action, subject to all terms of this Order.  PHI produced by the Parties will be identified and designated as Protected Material.  Upon receipt of any PHI disclosed between the Parties during the course of this lawsuit, the receiving party shall take all reasonable measures necessary for protecting the PHI from unauthorized disclosure as required under both state and/or federal law.

6.4     Inadvertent Failures to Designate.  In the event that a party inadvertently produces "CONFIDENTIAL" Information or Items, without the required "Confidential" legend, the Producing Party shall contact the Receiving Party as promptly as reasonably possible after the discovery of the inadvertent production, and inform the Receiving Party in writing of the inadvertent

production and the specific material at issue. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to specific documents and information disclosed or on the same or related subject matter. Upon receipt of such notice, the Receiving Party shall treat the material identified in the notice as Protected Material under this Order, subject to the provisions regarding challenges, if any, to its confidential nature, as provided in this Order. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Producing Party in writing of each such disclosure. Following such notice of an inadvertent production, the Producing Party may also substitute any documents that were inadvertently or unintentionally produced without the "Confidential" designation for documents containing such designation but otherwise unmodified. Upon such a request for substitution, the Receiving Party must return the unmarked documents to the Producing Party within 14 days of the request. No Party will be responsible to another Party for disclosure of Protected Material under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

## 7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality or lack of such designation at any time that is consistent with the Court's Scheduling Order.

7.2   Notification of Objection. In the event that a Challenging Party disagrees with a designation of any document or information as Confidential or disagrees with failure to designate a document or information as Confidential, the Challenging Party shall advise counsel for the Producing Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fifteen (15) days of receiving the objection, the

Producing Party shall notify the Challenging Party's counsel whether the Producing Party will change the designation of the document or item.

7.3     Meet and Confer. If the Producing Party fails to timely respond or change the designation after receiving notification from the Challenging Party as set forth in Section 7.2, the Challenging Party may initiate the dispute resolution process under Local Rule 37.1 et seq.

7.4     The burden of persuasion in any such challenge proceeding shall be on the party seeking the designation of confidentiality. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Party or Non-Party seeking a designation of confidentiality has waived or withdrawn the confidentiality designation, all parties shall continue to treat the material in question as Protected Material until the Court rules on the challenge.

**8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

8.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, which persons receiving Protected Material shall not make further disclosure to anyone except as allowed by this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     Disclosure of Protected Material. Unless otherwise ordered by the court

or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) in preparation for and during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party or preparing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.3 The Parties' Right to Use "Protected Material." Nothing in this Order shall be construed to limit in any way the right of the Parties, or any of their affiliates, to use any Protected Material that they produced (to the other side) for any purpose that state and federal law would otherwise permit. Nor does this Order prohibit the filing of documents on the ECF filing system that would otherwise be permitted, provided that all Protected Material is properly redacted or otherwise sufficiently protected from disclosure, including compliance with Federal Rule of Civil Procedure 5.2 and any other applicable court rules or orders.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

1    (3) make the information requested available for inspection by the Non-

2    Party, if requested.

3    (c) If the Non-Party fails to seek a protective order from this court within 14

4    days of receiving the notice and accompanying information, the Receiving

5    Party may produce the Non-Party's confidential information responsive to the

6    discovery request. If the Non-Party timely seeks a protective order, the

7    Receiving Party shall not produce any information in its possession or control

8    that is subject to the confidentiality agreement with the Non-Party before a

9    determination by the court. Absent a court order to the contrary, the Non-Party

10   shall bear the burden and expense of seeking protection in this court of its

11   Protected Material.

12   **11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

13   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

14   Protected Material to any person or in any circumstance not authorized under this

15   Order, the Receiving Party must immediately (a) notify in writing the Designating

16   Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

17   unauthorized copies of the Protected Material, (c) inform the person or persons to

18   whom unauthorized disclosures were made of all the terms of this Order, and (d)

19   request such person or persons to execute the "Acknowledgment and Agreement to

20   Be Bound" that is attached hereto as Exhibit A.

21   **12.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

22   **<u>PROTECTED MATERIAL</u>**

23   When a Producing Party gives notice to Receiving Parties that certain

24   inadvertently produced material is subject to a claim of privilege or other protection,

25   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

26   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

27   may be established in an e-discovery order that provides for production without prior

28

3049201.1

privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.** <u>**MISCELLANEOUS**</u>

13.1   Right to Further Relief**.** Nothing in this Order shall prohibit the Parties from seeking an order of the Court regarding the production or protection of materials in the future. This Order may be modified by agreement of the Parties, subject to approval by the Court. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

13.2   Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order including on the grounds that the information or item is protected as privileged or as attorney work product or that the information or item lacks relevance or any other ground other than the mere presence of Protected Material. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.  The existence of this Order may not be used by a Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

13.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file

[DISCOVERY MATTER] STIPULATED PROTECTIVE ORDER

3049201.1

the information in the public record consistent with § 8.3 above unless otherwise instructed by the court.

13.4   Retroactive Designation. Documents previously produced before the entry of this Order, if any, shall be retroactively designated as "Confidential" and subject to this Order if previously marked as "Confidential" as produced in this matter or by notice in writing of the designated class of each document by Bates number within thirty (30) days of the entry of this Order.

13.5   Rendering Advice. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Protected Material.

13.6   Use of Protected Material at Trial. Nothing in this Order shall preclude a Party from offering into evidence at the time of trial any document or information designated as Protected Material, subject to the rules of evidence and any other party's objections as to the admissibility or claims of confidentiality of the document or information. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

13.7   Nothing in this Order shall waive or modify any past, present or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

13.8   Transmission by e-mail is acceptable for all notification purposes within this Order only if receipt is acknowledged.

**14**.   **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 5, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 5 (DURATION).

## 15.   **PENALTIES**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

_____                               April 20, 2016

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

3049201.1                           [DISCOVERY MATTER] STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California on

_____ [date] in the case of *UHS-Corona, Inc., et al. v. Aetna Health of California, Inc.,*

*et al.*, Case No. 5:15-cv-01379-JGB(SPx). I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective Order to

any person or entity except in strict compliance with the provisions of this Order. I further agree to

submit to the jurisdiction of the United States District Court for the Central District of California

for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

5:15−CV−01379−JGB(SPX)